IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-17-0465 |
| ROBERT KOVALCHEK, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

On February 1, 2018, Defendant Robert Kovalchek ("Defendant" or "Kovalchek") pled guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. (Arraignment, ECF No. 94; Plea Agreement, ECF No. 95.) On September 5, 2018, this Court sentenced Kovalchek to 48 months of imprisonment, to be followed by a 5-year term of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 182.) Kovalchek is presently incarcerated at the minimum security Federal Correctional Institution ("FCI") in Morgantown, West Virginia. He becomes eligible for home detention on October 31, 2020 and is scheduled to be released to the Volunteers of America on October 27, 2020. (Sentence Monitoring Computation Data, ECF No. 233-1; Individualized Reentry Plan, ECF No. 239-3.)

Now pending is Kovalchek's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 233), which has been supplemented by counsel (ECF Nos. 237, 239). In his motion, Kovalchek represents that he is uniquely susceptible to the spread of COVID-19 in prison because of his medical conditions. Although the Government concedes that Kovalchek is potentially eligible for compassionate release because of his

medical conditions, it nevertheless opposes the motion. (ECF No. 244 *SEALED*.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Kovalchek's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 233, 237) is GRANTED. Kovalchek's sentence is reduced to time served and upon expiration of a 14-day quarantine period, he shall be released to the custody of his fiancé, Virginia Stearn, at her residence in Brooklyn Park, Maryland and commence a 5-year period of supervised release.

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

In this case, the Government has conceded that Kovalchek has exhausted his administrative remedies before filing the instant motion, that his medical diagnoses present extraordinary and compelling reasons for his release, and that his release does not pose a danger to the community. These concessions are appropriate. On April 24, 2020, Kovalchek filed an institutional request for compassionate release. (ECF No. 239-8.) As 30 days have elapsed since this submission, Kovalchek's motion is properly before this Court.

Kovalchek's records establish that he has hypertension, chronic bronchitis, and Bell's palsy. These conditions present "extraordinary and compelling reasons" for his release because they render him uniquely susceptible to COVID-19. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020) (holding that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)"). Finally, as Kovalchek will become eligible for home confinement within a few months, his early release does not pose any heightened risk to the community.

Despite its concessions, the Government nevertheless argues that the sentencing factors weigh against Kovalchek's early release. Before determining whether a sentence reduction is appropriate, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Kovalchek's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline

sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471 at *4 (D. Md. Apr. 30, 2020).

The § 3553(a) factors weigh in favor of compassionate release. There is no indication that Kovalchek played a violent role in the conspiracy for which he was convicted or that he was a high-level drug dealer. While incarcerated, Kovalchek has made significant rehabilitation efforts, including completing a residential drug treatment program and participating in the Bureau of Prisons Honor Program, which has allowed him to perform work for the City of Morgantown and the National Parks Service. *See Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586 (2007) (holding that district court may consider defendant's "self-motivated rehabilitation" when imposing a sentence). Finally, Kovalchek has a stable re-entry plan: he will reside with his fiancé, Virginia Stearn, and has been offered employment at a salvage yard upon his release from custody. (Offer of Employment, ECF No. 239-5; Letter of Virginia Stearn, ECF No. 239-6.) Given Kovalchek's nonviolent offense, imminent release date, significant self-improvement efforts, and re-entry plan, it appears senseless to further risk his exposure to COVID-19.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 29th day of July, 2020, that Defendant Kovalchek's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 233, 237) is GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Robert Kovalchek's term of incarceration is reduced to time served, such that he is released from the custody of Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Prior to his release from custody, the Bureau of Prisons is directed to place the Defendant Robert Kovalchek in quarantine for a period of 14 days and to evaluate him for the purposes of receiving a medical clearance;

3. Upon the expiration of the 14-day quarantine period and receipt of a medical clearance, the warden of FCI Morgantown shall forthwith release from custody the person of the Defendant, Robert Kovalchek;

4. Defendant Robert Kovalchek shall be on supervised release status for a period of five years;

5. Defendant Robert Kovalchek shall be released to the custody of his fiancé, Virginia Stearn, at her residence in Brooklyn Park, Maryland;

6. While traveling from FCI Morgantown to his residence, Defendant Robert Kovalchek will isolate himself to the best of his ability. Upon reaching his residence, Defendant Robert Kovalchek shall observe all applicable stay-at-home orders; and

7. Pretrial/Probation will review the conditions of release with Defendant Robert Kovalchek.

\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge